RECEIVED
BY MAIL
DEC 29 2005
CLERK, US DIST. COURT
ST. PAUL, MN

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JOSEPH CHARLES PELCHAT, Petitioner, | Crim. No. 00-25 (JMR/FLN) |
| v. | Civil No. 03-6532 (JMR) |
| UNITED STATES OF AMERICA, Respondent. | **OBJECTION TO REPORT AND RECOMMENDATION** |

## STATEMENT

The Report and Recommendation seeks to deny Pelchats § 2255 Motion on basically two grounds. One, that the District Court has no authority to review the rulings of the Court of Appeals and, two, that Pelchat failed to establish prejudice on his ineffective assistance of counsel claims.

It appears that the Magistrate Judge did not read, misunderstood, or completely ignored the memorandum of law and Traverse as the due process claim encompassed much more than the one reason given for rejecting the due process claim. The same is true for the ineffective assistance of counsel claim because Pelchat showed how his sentence would have been less if not for attorneys errors in the Memorandum of Law and Traverse. Pelchat will list where in the memorandum of law he addressed points as they arise or state more specifically his points where needed.

Lately, please note that on some objections, or points that Pelchat highlights in regard to the Background section, he only makes them to link directly to the objections to the Discussion section where it is relevant to the subject matter.

SCANNED
DEC 29 2005
U.S. DISTRICT COURT ST. PAUL

## 1. BACKGROUND

On page 2 it states; "On April 17, 2000, the charges against the Defendant were amended by the filing of an information,..." This is a common use of an information, it is a charge. Later in the same paragraph; "An information of the type that was filed in this case is sometimes called an '851 Information,' because it is required by 21 U.S.C. § 851(a)." This does nothing to differentiate an "851 Information" from any other information that charges an offense or amends the charge of an offense.

On page 2 and 3 the point is made that Pelchat made a "straight up" guilty plea. Pleading guilty "straight up" does not mean that he has admitted to every sentencing factor that the government asserts including the 841(b) penalty provisions which were a sentencing factor at the time of his plea. Because ther was no plea agreement Pelchat and the government were not bound or limited in their arguments on sentencing factors.

On page 3 it was asserted "...that Defendant fully understood the rights that he was waiving by pleading guilty." Pelchat did not know, nor was it explained that he was waiving his right to jury trial (and concurrent rights that go with it, chain of custody, right to confront witnesses, etc..) because there was no such right at the time. See pages 21 to 30 of Memorandum of Law.

In the next paragraph it was stated that the attorney agreed, "without contradiction from Defendant" that the government could prove 500 pounds of marijuana was involved in the offense. Please see p. 28, 29 and 37 to 44 in the Memorandum of Law. It goes on to say that Pelchat "confirmed" that he expected 500 to 1000 pounds

of marijuana. Confirmed infers that Pelchat did this after his attorney agreed, when in fact he guessed an amount from what he was told and flatly stated "I don't know" in the same sentence. This happened before, not after attorney agreed.

On page 4 it was asserted "The Court of Appeals rejected all of Defendant's claims on the merits..." The only ruling on the merits was on the attorneys appeal, all of which issues Pelchat has never raised again, but on the Supplemental Brief there was only the ruling that Pelchat pled guilty to 841(b)(1)(B) and all other issues presented were denied without discussion. All of Pelchat's claims were not rejected "on the merits", they were not even addressed.

The last paragraph on page 4 asserts that my due process claim only had to do with the Court of Appeals. This is a complete misunderstanding of Pelchat's claim. Please see entire Memorandum of Law and Traverse as the due process violations are from the Indictment up to this point.

On page 5 (2) (Ground 4) it states "there was (allegedly) no evidence to support the government's position on the quantity issue,". Pelchat challenges anyone to show him anywhere on the record where evidence of quantity was entered on the record of this case. Discovery is not evidence, see United States v. Butler, 238 F. 3d 1001, 1003-05; PSR is not evidence, when challenged. See pgs. 44-48 Memorandum of Law. There is no evidence on the quantity issue.

## II. DISCUSSION

The discussion immediately attempts to dispose of Pelchat's due

process claim by limiting the due process claim to the Court of Appeals decision. Ground 12 states "denial of due process". The opening Statement in the Memorandum of Law specifically states; "... the issue of due process raised in ground 12 of the motion is meant to encompass the relevant issues that were raised in the district Court and, on appeal." Pelchat merely commented that the only ruling besides outright denial came from the Court of Appeals. To go through all of Pelchat's due process claims would basically be to re-state his Memorandum of Law. It must be noted that the specific issue Pelchat raised also came from the District Court at sentencing where the Court asserted that his plea changed from "a quantity of marijuana" at the plea hearing, p. 49, 11-16, to "a quantity in excess of 100 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846. Based upon your plea of guilty, it is considered and ajudged that you are guilty of that offense." S. Tr. pgs. 69, 70, 24, 25 and 1-5. Surely the District Court can review its own ruling. Further, Pelchat's understanding is that if he asserts that a previous ruling regarding one of the grounds of 2255 was in error, he is making a habeas corpus claim.

In note 1, the Report and Recommendation suggests that all my Apprendi claims are barred by the doctrine of proceedural default, United States v. Moss, 252 F. 3d 993, 1001 (8th Cir. 2001). Unless Pelchat completely misunderstands what Moss represents, he can not see how he could possibly have proceedurally defaulted. He has raised his Apprendi claims in the District Court, on Direct Appeal, Petition for Rehearing, Writ of Certiorari, and here.

As to Blakely and Booker claims, they had to be brought up within one year of the decisions in case of a change in law, which has now been done.

On page 7 and 8, four 8th Circuit cases are cited to implement the Strickland requirements to this case. On page 2 (and throughout) of the Memorandum of Law Pelchat also relied on Hill v. Lockhart, Glover v. U.S.; and U.S. v. Cronic. That point aside Garrett, Auman, Blankenship, and, Apfel, basically make two points, one, "that Counsel's challenged conduct is to be evaluated in light of circumstnaces surrounding the decision, not with the 20/20 vision of hindsight." and two that Pelchat must demonstrate that the outcome would have been different if not for attorney incompetence.

On the first point counsel was not even functioning as counsel as the only thing that he did was try to lock in the maximum sentencing range and Pelchat was basically left to fend for himself from before the plea onward. It must be noted that Pelchat did not include every ineffective assistance claim, but instead brought them under denial of due process because it was supposedly the government's burden and/or the government and the Court was supposedly required by law and the Constitution to do these processes anyway, regardless of whether attorney compelled them or not. Of course, attorney was ineffective for not asserting or protecting these rights for Pelchat.

As for prejudice, Pelchat shall address that on each subject brought up in the Report and Recommendation, although an understand-

ing of the Memorandum of Law and Traverse shows how the sentence would have been different described throughout the Memorandum of Law and Traverse, though not clearly labeled as prejudice. In the statement on p. 2 of the Memorandum of Law it clearly stated that the ineffective assistance claim (Pelchat was aware of prejudice prong) shall manifest itself in the body of the Memorandum of Law.

On p. 9, Ground 2, it states that Pelchat complains that his attorney conceeded the statutory enhancement. First, he did do that, and he did it at the plea when he should have deferred that issue for sentencing. To correct the record where it correctly states that attorney filed a 30 page brief, two points must be made, one, Pelchat wrote that brief and can prove it if necessary, the only changes was the addition of two cases and some deleted material and, two, the challenge was to the 851 Information. Pelchat certinly argued that the 851 should <u>also</u> be used to establish drug convictions for career offender purposes, but is clear from the Report and Recommendation that the Magistrate Judge and Pelchat's understanding of the use and purpose of the 851 differs. As to how Pelchat's attorney could have successfully challenged career offender he needed to first have the court enter onto the record the prior records that were relied on to establish career offender status, which was never done. Two, challenge under <u>Apprendi</u> all facts necessary to establish career offender other than the mere fact that Pelchat has two prior felony convictions, three challenge <u>Almendarez-Torres</u>, using a 6th Amendment jury trial right claim instead of a 5th Amendment claim. Please see p. 59-62 of Memorandum of law. If successful

this argument alone would bring Pelchat's guideline sentence down to 120-150 months without acceptance of responsbility applied.

On page 9 dealing with Ground 3 it claimed that Pelchat contended that he did not receive adequate notice of the 851 Information and that his attorney should have raised an "inadequate" notification argument on his behalf. While this is true, (that he did not receive adequate notice that it was an 851 Information, only that an "enhanced Information" was filed) even the Court did not know the Information had been filed until well into the plea proceedings, (and automatically assumed that it increased the penalty without even seeing it or know what conviction(s) was being relied on) the Magistrate Judge again mis-understands Pelchat's claim and the case law in relation to the claim. The claim is that the government did not comply with the service requirement of the 851. The issue here is not whether he could have avoided being classified as a career offender but whether he could have avoided the enhanced statutory penalties that 851 carries and the answer is clearly yes! It must be remembered that this was in early 2000 where the case law held that service was a jurisdiction requirement or at the very least that the Court lacked the authority to enhance the penalty provision of 841(b) without complying with the strict service requirement of 851. At the time knowledge and/or notice were not pertainent if the service requirement was not fulfilled before trial or plea. All that attorney would have had to do was when he got back to his office and found that he did not receive it as asserted by the government at the plea was motion to dismiss

the information. Pelchat submitted evidence along with the 2255 motion that attorney likely did not receive the 851 at the time that the government asserted and that there never was a certificate of service therefor the government has no proof that it complied with service. Pelchat has brought this issue on appeal and even under current law the information would have to be dismissed. See Memorandum of Law pgs. 63-65 and Traverse pgs. 9-11.

Notwithstanding a favorable ruling on any other issue Pelchat would have to be resentenced on the unenhanced provisions of 841(b) which by itself would drop the career offender base level from 37 to 34, subtract 3 points for acceptance of responsibility and the guidelines would call for a sentence of 188-235 months.

On page 9 dealing with Ground 6 the Magistrate Judge again does not understand the issue or is sidestepping it. Pelchat appealed his 1990 conviction (not prior conviction) in a different Court based on the exception clause of Rule 12(b)(2). The government brought that case back into the pendency of the proceedings by seeking to re-impose punishment on Pelchat. To plead guilty to a supervised release violation upon the advice of his attorney (Pelchat was notsure of the possible effect of such action on the motion) was to put the cart before the horse. First, the motion had to be decided. For the Magistrate to say that the supervised release violaton had nothing to do with the exisitence of the 1990 conviction is absurd. The supervised release violation stemmed from the 1990 conviction. Also the 1990 "prior" conviction because it was more than 5 years old is clearly wrong. He did not challenge

a "prior conviction" under 851, he challenged a conviction in a different court. At that point it did not matter whether the challenge was successful or not, it was not a final or reliable conviction for purposes of 851 for sure and probably for career offender purposes as well. All the government had to do is let the 1990 conviction rest for 851(e) to apply and for it to be a final conviction used to enhance the sentence in this case. See pgs. 68-70 of Memorandum of Law and p. 10 of Traverse.

Conspicuous by its absense is the double jeopardy argument concerning use of Pelchat's 1986 conviction, especially in the 851 as he has been charged twice under the same federal statute with the same crime. Also, all of Pelchat's other arguments concerning the 851 and career offender. See pgs. 59-70 Memorandum of Law and pgs. 9-13 of Traverse.

Lately, on page 10 pertaining to Ground 11 Pelchat may or may not have been able to "elude" or "escape" his career offender status but filing an 851 does not automatically assure a statutorily enhanced sentence, the opposite is true in this case, Pelchat has shown that the 851 must fall in this case. Using a case cited in the Report and Recommendation, Blankenship v. U.S., 159 F. 3d 336, 337 (8th Cir. 1998) "a section 2255 'petitioner is entitled to an evidentiary hearing when the facts alleged, if true, would entitle him to relief.'"

C. Quantity of Marijuana

Skipping straight to page 11 it was asserted that Pelchat

"candidly" acknowledged that he expected to receive 500 to 1000 pounds of marijuana. There is one time throughout the entire course of the proceedings of this case that Pelchat attempted to guess an amount of marijana and even in that specific paragraph he specifically stated "...it's what he can get me. I don't know." Pelchat has said an shown again and again that he did not know and could not know the amount. If anything was ever candidly admitted it was that he did not know the quantity. See p. 36 specifically and pages 15-58 of the Memorandum of Law and 5-7 specifically and 3-9 of the Traverse.

As to page 12 please refer to Memorandum of Law and Traverse that the charge incorrectly cited the penalty provision of 841(b). It must be remembered that Pelchat was charged and pled guilty before Apprendi was decided. That Apprendi "cured" the indictment should not be used to Pelchat's detriment. See pgs. 15-19 specifically of Memorandum of Law.

Pelchat has shown that it does "matter what the numbers are" and that level 37 is wrong anyway, "no matter what the numbers are."

On page 13 it is stated that Pelchat has cited no evidence (let alone a reasonable probability) that Pelchat could have secured a lesser sentence by challenging the quantity of marijuana. Pelchat's question is this, how did the burden shift to him? He did everything that could be expected of someone who is in jail to challenge quantity. Also, the law changed with the Apprendi decision and Pelchat asserted his rights to the best of his ability. All the way from chain of custody to the determination at sentencing.

Please see p. 52 of the Memorandum of Law, especially Butler, where the government lab weighed 996.5 pounds of marijuana yet he was resentenced under 841(b)(1)(D) because no amount was entered into evidence. See also Poulack, and Hollingsworth.

Lastly, it was stated that there is no reason to believe the government would have been unable to "prove its case" in regards to quantity. First, the government had their chance, they were put on notice that quantity was contested and they withdrew their motion for an evidentiary hearing and, two, there is also no reason to believe that they could prove amounts either. Pelchat is not and was not required nor is it fair to place the burden on him to prove what the quantity actually was. See Memorandum of Law pgs. 15-58 and 3-9 of Traverse.

Respectfully submitted,

Joe Pelchat

Joseph Charles Pelchat